IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          Case No. 07-cv-0489-MJR
                                    )
MARY LEE POWELL, doing business as  )
MP ENTERPRISES or MLP  ENTERPRISES, )
                                    )
                Defendant.          )

**ORDER GRANTING DEFAULT JUDGMENT AND**
**PERMANENT INJUNCTION AGAINST MARY LEE POWELL**

REAGAN, District Judge:

###     A.      Introduction

On July 5, 2007, the United States of America ("the Government") filed suit in this Court against Mary Lee Powell, seeking a permanent injunction under Sections 7402, 7407 and 7408 of the Internal Revenue Code (26 U.S.C. or "IRC").  Specifically, the Government sought to permanently bar Powell from preparing income tax returns for others.

Properly served, Powell failed to appear herein, and the Clerk of Court made an entry of default against her on September 4, 2007, under Federal Rule of Civil Procedure 55(a)(*see* Doc. 6).  Three weeks later, the Government moved for default judgment under Federal Rule of Civil Procedure 55(b).  The undersigned Judge set a deadline for any response or objection to that motion  – 5:00 pm on October 17, 2007 – and directed the Government to serve a copy of the Order imposing that deadline on Powell by October 7, 2007 (*see* Doc. 9).  The Government complied with that obligation and filed a proof of service via Affidavit  on October 30, 2007 (*see* Doc. 10).

Thus, Powell was served with the complaint, failed to move, answer or otherwise

respond to it, was served with the default judgment motion and Order setting deadlines for objecting

to that motion, and failed to timely object thereto.   Having reviewed the record in this case, the

Court **GRANTS** the motion for default judgment (Doc. 7), **MAKES** the following findings of fact

and conclusions of law, and **ENTERS** a permanent injunction against Mary Lee Powell.

### B.   Findings of Fact

Enjoying jurisdiction over the parties and subject matter of this case, the Court

**FINDS** as follows.

Within the Southern District of Illinois, Mary Lee Powell engaged in conduct subject

to penalty under IRC§§ 6694, 6695, and/or 6701 and engaged in conduct that interferes with the

proper administration of internal revenue laws.

○ **POWELL'S BUSINESS**

Powell started preparing federal income tax returns for customers in 1976, while

employed at H & R Block.  She prepared returns at H & R Block for one year.  After  leaving H &

R Block, Powell prepared returns for others using the business names MP Enterprises or MLP

Enterprises.  Powell last received tax training from H & R Block in 1997, but she received updates

from the tax-preparation computer software company she uses.

Powell prepared at least 1,039 federal income tax returns from 2003 through 2006.

As of December 15, 2006, Powell had prepared 274 Form 1040 tax returns for the 2006 processing

year (2005 tax year).

Powell's customers are primarily wage-earners and small-business owners who rely

on Powell's purported expertise on income tax matters.

Powell prepares returns from her home in East Saint Louis, Illinois.

Powell prepares returns that unlawfully understate her customers' tax liability by: fabricating or inflating deductions on Schedule A, "Itemized Deductions," Schedule C, "Profit or Loss from Business," and Schedule E, "Supplemental Income and Loss"; improperly claiming head-of-household filing status on separate returns for married couples; improperly claiming education tax credits or expenses; and improperly claiming dependents to generate larger Earned Income Tax Credits.

Powell encourages and assists her customers in applying for Refund Anticipation Loans ("RAL"s), through HSBC Bank USA and HSBC Taxpayer Financial Services. The RALs are accelerated refunds from which Powell's preparation fees, filing fees, refund account establishment fees, transmitter fees, document-preparation fees, and bank finance charges are automatically deducted.

Powell generates new business through word of mouth as she gains a reputation for being able to generate larger tax refunds than other preparers.

As a direct result of Powell's fraudulent return preparation, her customers have filed federal income tax returns understating their federal income tax liabilities and claiming large income tax refunds to which they were not entitled.

### ○ THE IRS INVESTIGATION

The IRS has examined 109 returns that Powell prepared between 2004 and 2006. The examination revealed that all 109 returns understated the customer's tax liability. The average understatement on the examined returns was $2,794.

Powell prepared the 109 examined returns for a total of 57 customers. Forty-six of those customers (representing 91 of the 109 returns examined) consented to the IRS adjustments.

The agreed understatements totaled $248,218 which was an average understatement of $2,728 per return.

By December 2005 (and possibly earlier), Powell knew that the IRS was investigating her return-preparation conduct.  Nevertheless, Powell continued to prepare federal-income-tax returns that understated her customers' income tax liabilities by failing to report rental income disclosed by the customer, inflating or fabricating Schedule C business expenses including reporting false and unrealistic home-business expenses, inflating tuition and fees expenses, and inflating charitable cash contributions.

The estimated tax loss as a result of Powell's tax-preparation misconduct between 2003 and 2006 is $2.9 million.

Powell willfully, intentionally, and recklessly understates her customers' income tax liabilities by preparing returns that improperly contained fabricated or inflated deductions on Schedules A and C, reported an incorrect filing status for her customers, improperly claims ineligible dependents to generate larger Earned Income Tax Credits, and improperly claims education credits and expenses.

   o  INFLATED OR BOGUS SCHEDULE A EMPLOYEE BUSINESS EXPENSES

Powell continually and repeatedly prepares federal income tax returns claiming inflated or bogus Schedule A employee business expenses to offset customers' Form W-2 wage income.

Powell prepared returns that claim inflated or bogus Schedule A unreimbursed employee business expenses for approximately 26 of the 57 customers whose returns the IRS examined.  For example, in preparing a 2003 return for an East St. Louis, Illinois customer who

works for the City of East St. Louis and the State of Illinois, Powell inflated employee business expenses, including $6,768 in vehicle expenses.  The customer did not provide Powell with this figure or with any documentation to support this figure.  After the IRS examined the customer's return, the customer agreed that the vehicle expenses should have been only $1,823.  This customer's 2004 return also reported inflated employee business expenses, including inflating vehicle expenses by approximately $4,000.

In preparing a Fairview Heights, Illinois customer's 2003 and 2004 returns, Powell reported inflated employee business expenses, including vehicle expenses, despite the fact that the customer provided Powell with a mileage log and documentation of the amounts the customer's employer reimbursed the customer.

In preparing another Fairview Heights, Illinois customer's 2003 and 2004 returns, Powell improperly claimed deductions for reimbursed employee business expenses, including vehicle and travel expenses.  The customer had informed Powell that the customer's employer reimbursed the customer for vehicle and travel expenses.  After the IRS examined her returns, the customer agreed to disallowance of all $13,927 of the reported unreimbursed employee business expenses on the customer's 2003 return and all $12,617 of the reported unreimbursed employee business expense on the customer's 2004 return.

○ INFLATED OR FALSE SCHEDULE C/SCHEDULE E EXPENSES

Powell repeatedly and continually prepares returns that report inflated or false expenses on Schedules C and E.

The IRS found that Powell prepared returns that claimed inflated or false Schedule C expenses for approximately 18 of the 57 customers whose returns the IRS examined, and prepared

returns that either failed to report Schedule E income or inflated or claimed bogus Schedule E expenses for approximately 6 of the 57 customers examined.   For example, in preparing a Belleville, Illinois customer's 2003 and 2004 federal income tax returns, Powell fabricated or inflated expenses, such as advertising expenses in the amount of $250 and meals and entertainment expenses in the amount of $10,950.  This customer was a police officer with the St. Clair County Sheriff's department and worked part-time as a security officer.  The customer never provided the preparer with information supporting the claimed expenses on his Schedule C.  This customer consented to a disallowance of approximately $20,000 of Schedule C expenses on both the customer's 2003 and 2004 returns.

One East St. Louis customer's 2003 and 2004 returns, which Powell prepared, reported inflated Schedule E expenses that were inconsistent with the information that the customer provided to Powell.  For example, both the 2003 and 2004 returns fabricated $250 in advertising expenses.  This customer's 2003 and 2004 returns reported repairs expenses of $3,988 and $4,930, respectively, even though the information the customer provided to Powell indicated his repairs expenses for 2003 and 2004 were approximately $555 per year.  On this customer's 2005 return Powell knowingly omitted rental income, telling the customer that the customer would have too much earned income if the rental income was reported.

○ RETURNS CLAIMING FALSE OR IMPROPER FILING STATUS

Powell continually and repeatedly prepares and files returns that claim improper or false filing statuses that are inconsistent with the information customers provide to Powell.  The most common example is preparing separate returns that claim head-of-household filing status for married couples who are not entitled to that reporting status.

The IRS investigation determined that Powell prepared returns reporting an improper filing status for approximately 28 of the 57 customers whose returns the IRS examined.  For example, in preparing a Fairview Heights, Illinois couple's 2003 and 2004 returns, Powell filed separate returns for the couple for both years.  For both years the wife's return improperly claimed head-of-household filing status, even though Powell knew the couple was married, the couple used the same address, the couple had previously filed joint-returns, and the couple had not advised her that they were living apart.

After receiving notice of an audit, the couple contacted Powell.  Powell advised the couple to not tell the IRS that they lived together the whole year.  After an IRS examination, this couple consented to the IRS's proposed adjustments, including correcting their filing status to married filing jointly.  The IRS examination determined that the couple's 2003 and 2004 returns understated their tax liability by $3,232 and $4,557, respectively; in part as a result of the couple improperly filing separate returns one of which claimed head-of-household filing status.

○ IMPROPER TUITION AND EDUCATION EXPENSES AND CREDITS

Powell continually and repeatedly prepares and files returns that improperly claim tuition and education expense deductions and education credits.

The IRS determined after examination that Powell prepared returns for approximately 20 of the 57 customers that improperly reported tuition and fees deductions and/or improperly claimed education tax credits.  For example, on one East St. Louis customer's 2003 return, Powell inflated claimed education expenses by over $1,000 for courses the customer took in 2003 to generate a larger Hope Education Tax Credit.  This customer consented to the IRS's adjustments.

On a St. Louis customer's 2003 return, Powell improperly claimed a Hope Education

Tax Credit on the basis of expenses incurred on behalf of the customer's 13 year-old son who did not attend a post-secondary educational institution. Powell knew that this customer's son was only 13 years old. This customer consented to the IRS's adjustments correcting Powell's misrepresentations.

On another East St. Louis customer's 2004 return, Powell claimed $2,581 in tuition and fee deductions relating to the customer's son. The customer gave Powell a statement from the son's parochial school, not a post-secondary school, which was used as the basis for the expense deduction. Powell also claimed a child tax credit for the son, showing that Powell knew the son was under seventeen years of age. This customer consented to the IRS's adjustments correcting Powell's misrepresentations.

### C.   <u>Conclusions of Law</u>

By a preponderance of the evidence, the Court **CONCLUDES** as follows.

1.    Powell has continually and repeatedly engaged in conduct subject to penalty under IRC §§ 6694 and 6695 and has continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws. A narrower injunction prohibiting only this specific misconduct would be insufficient. Accordingly, Powell should be permanently enjoined under IRC § 7407.

2.    Powell has engaged in conduct in violation of IRC § 6701. Injunctive relief is appropriate to prevent the recurrence of that conduct.

3.    Powell has engaged in conduct that interferes with the enforcement of the internal revenue laws, and the United States and the public will suffer irreparable harm in the absence of a permanent injunction.

4.     The public interest will be served by granting a permanent injunction.

Accordingly, Powell should be permanently enjoined under IRC § 7402(a).

**D.     Permanent Injunction**

 Based on the above findings and conclusion, pursuant to IRC §§ 7402, 7407 and 7408, and in accord with Federal Rule of Civil Procedure 65(d), this Court hereby **PERMANENTLY ENJOINS** Mary Lee Powell (individually and doing business as MP Enterprises or MLP Enterprises) and anyone acting in active concert or participation with Mary Powell from directly or indirectly:

    (1)    acting as an income-tax-return preparer and from engaging in conduct subject to penalty under IRC § 6701;

    (2)    preparing or filing federal tax returns for others;

    (3)    engaging in any conduct subject to penalty under IRC § 6694, including preparing any part of a return or claim for refund that includes an unrealistic or willful understatement of tax;

    (4)    engaging in any conduct subject to penalty under IRC § 6695(g), including failing to be diligent in determining eligibility for the Earned Income Tax Credit; and

    (5)    engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

Pursuant to IRC § 7402, the Court further:

**ENJOINS** Powell from representing her customers before the IRS;

**ORDERS** Powell to contact by mail all persons for whom she prepared any federal income tax returns or other tax-related documents after January 1, 2003, and inform those persons of the entry of the Court's findings concerning the falsity of representations Powell made on her customers' tax returns, and that a permanent injunction has been entered against her; and

**DIRECTS** Powell – **by December 17, 2007** – to turn over to counsel for the Government (attorney John Monroe, 202-307-0638, United States Department of Justice, P.O. Box

7238, Ben Franklin Station, Washington, D.C. 20044) a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals/entities for whom Powell prepared or helped to prepare any tax-related documents, including claims for refund or tax returns, since January 1, 2003.

        **E.**    <u>**Summary**</u>

Defendant Mary Lee Powell was properly served with process herein, failed to move, answer, or otherwise respond to the complaint, was properly defaulted by the Clerk of Court under Rule 55(a), was served with the motion for default *judgment* under Rule 55(b), was served with the undersigned Judge's Order setting deadlines for any response to that motion, and failed to respond thereto by the October 17, 2007 deadline.

Having made specific findings of fact and conclusions of law as above-delineated, the Court **GRANTS** the Government's September 27, 2007 motion for default judgment (Doc. 7).

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiff (the Government) and against Defendant Powell for the requested relief – the permanent injunction described in detail in Section D of this Order.

The Court **DIRECTS** the Government to serve this Order (and the accompanying Judgment) on Defendant Powell, in compliance with Federal Rule of Civil Procedure 65(d), no later than <u>**November 17, 2007**</u> and to e-file proof of such service in this case within five business days thereafter.

The Court will permit Government counsel to engage in post-judgment discovery to ensure compliance with this Order.  Disputes which may arise in the course of such discovery likely will be referred to (and handled by) the Honorable Clifford J. Proud, the United States Magistrate Judge assigned to this case.

Finally, the Court retains jurisdiction to implement/enforce this Order.  ***See Shapo v. Engle***, 463 F.3d 641, 643 (7th Cir. 2006).[1]

IT IS SO ORDERED.

DATED this 1st day of November 2007.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

---

[1]    Although, as a general rule, a district judge cannot dismiss a suit with prejudice or otherwise terminate federal jurisdiction and at the same time "retain jurisdiction" to enforce the terms of a settlement that led to the dismissal, one key exception is "the inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings."  ***Id.*, *citing U.S. v. Chicago***, 870 F.2d 1256, 1257 (7th Cir. 1989).